W13 

20-1146

JS 44 (Rev 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

20 1146

## I. (a) PLAINTIFFS
UTZ QUALITY FOODS, LLC

**(b)** County of Residence of First Listed Plaintiff: YORK COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Camille M. Miller, Cozen O'Connor, 1650 Market Street, Suite 2800, Philadelphia, PA 19103, 215-665-7273, cmiller@cozen.com

## DEFENDANTS
DIRTY SOUTH BBQ COMPANY, LLC and TIMOTHY TROY LONG a.k.a TROY LONG

County of Residence of First Listed Defendant: FRANKLIN COUNTY in TN
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☒ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 490 Cable/Sat TV ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 10541, et seq.
Brief description of cause:
Trademark Infringement, Unfair Competition, Trade Name Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ OTHER THAN MONETARY
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 02/28/2020
SIGNATURE OF ATTORNEY OF RECORD

FEB 28 2020

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____



UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**20   1146**

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __UTZ Quality Foods, LLC - 900 High Street, Hanover, PA 17331__

Address of Defendant: __Dirty South BBQ - 709 Davy Crocket Hwy, Winchester, TN 37398 - Timothy Troy Long - 103 Eagle Dr, Fayetteville, TN 37398__

Place of Accident, Incident or Transaction: __Various Locations within the Eastern District of Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __02/28/2020__   _____   __79670__
                       *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    *(Please specify)* __Trademark Infringement__

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Camille M. Miller__, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: __02/28/2020__   _____   __79670__
                       *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

FEB 28 2020

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

UTZ QUALITY FOODS, LLC.          :
                                 :
v.                               :
                                 : CIVIL ACTION NO. 20  1146
DIRTY SOUTH BBQ CO. LLC          :
                                 :
                                 :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus - Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos - Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management - Cases that do not fall into any one of the other tracks.  (X)

February 28, 2020            *[signature]*                     Plaintiff
Date                         Attorney-at-law                   Attorney for

215-665-7273                 215-701-2273                      cmiller@cozen.com
Telephone                    Fax Number                        E-Mail Address

(Civ. 660) 10/02

FEB 28 2020

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UTZ QUALITY FOODS, LLC, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No.: _____ |
| v. : | |
| : | |
| DIRTY SOUTH BBQ CO. LLC and : | |
| TIMOTHY TROY LONG a.k.a. TROY LONG, : | |
| : | |
| Defendants. : | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Utz Quality Foods, LLC ("Utz"), by and through its undersigned attorneys, brings this complaint against defendants Dirty South BBQ Co. LLC ("Dirty South BBQ") and Timothy Troy Long a.k.a. Troy Long ("Troy Long") (collectively, the "Defendants"), for trademark infringement, unfair competition and related causes of action, in violation of federal law, and alleges as follows:

### PARTIES

1. Plaintiff Utz Quality Foods, LLC is a Delaware limited liability company with a place of business at 900 High Street, Hanover, PA 17331.

2. Defendant Dirty South BBQ Co. LLC is a Tennessee limited liability company with a place of business at 709 David Crockett Hwy., Winchester, TN 37398.

3. Defendant Timothy Troy Long a.k.a. Troy Long is an individual with an address of 103 Eagle Dr., Fayetteville, TN 37398.

### JURISDICTION AND VENUE

4. This action arises under the Acts of Congress under the Lanham Act, Title 15 U.S.C. § 1051, et seq. Accordingly, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.

5. This Court may exercise personal jurisdiction over Defendants. Although Defendants reside in Tennessee, Defendants have an active website at www.dirtysouthbbqco.com whereby consumers, including consumers in this judicial district, can purchase certain of Defendants' infringing products. Accordingly, Defendants are transacting business in this judicial district, certain of Utz's claims for trademark infringement and unfair competition arise out of such activity, and it would be reasonable for Defendants to expect to be haled into court in this judicial district. Defendants have therefore purposefully availed themselves of the privilege of conducting activities in this forum and, in so doing, have sufficient minimum contacts with this forum such that personal jurisdiction is appropriate.

6. This court has original jurisdiction over the claims brought under federal law, including the Lanham Act, pursuant to 28 U.S.C. §§ 1331 and 1338(b) and 15 U.S.C. § 1121.

7. A substantial part of the events giving rise to this action have occurred and continue to occur in this judicial district through Defendants' sale of certain of the goods in question via Defendants' website at www.dirtysouthbbqco.com. Accordingly, Defendants should reasonably expect that their activities might have consequences herein and venue is proper in this judicial district pursuant to Title 28 U.S.C. § 1391(b).

## BACKGROUND AS TO UTZ'S BUSINESS AND ITS INTELLECTUAL PROPERTY

8. Utz is a well-known provider of a variety of snack foods including, but not limited to, potato chips, pretzels, pork rinds, and snack mixes, and is the largest, independent, privately-held snack brand in the United States.

9. Utz is located in and has customers throughout the United States and has been selling a variety of snack food products since 1921.

10. In 2011, Utz's predecessor-in-interest purchased certain assets of Zappe Endeavors, LLC ("Zappe") including, without limitation, all of Zappe's rights in and to certain DIRTY Marks (defined below), together with the goodwill associated therewith. Zappe had been using the DIRTY

Marks since 1987 and accruing goodwill since that time. Since acquiring Zappe's rights in and to the DIRTY Marks, Utz and its predecessor-in-interest have continued to use and accrue substantial goodwill in same. Thus, Utz's common law rights—and associated goodwill—in and to the DIRTY Marks accrue back to 1987.

11. Utz is the owner of U.S. Trademark Reg. No. 4012578 for DIRTY for potato chips in Class 29, which issued on August 16, 2011, and which claims a first use and first use in commerce date of November 26, 1987. Sections 8 and 15 Declarations have been filed and approved for this registration and, thus, this registration has become incontestable.

12. Utz is also the owner of U.S. Trademark Reg. No. 4087311 for "DIRTY" POTATO CHIPS for potato chips, plain and flavored in Class 29, which issued as U.S. Trademark Reg. No. 4087311 on January 17, 2012, and the application for which was filed on May 27, 2011, and which claims a first use and first use in commerce date of November 26, 1987. Sections 8 and 15 Declarations have been filed and approved for this registration and, thus, this registration has become incontestable.

13. The above-referenced registrations containing the term "Dirty" (hereinafter, the "DIRTY Registrations") are active and in full force and effect. The marks that are the subject of the DIRTY Registrations (and any associated common law rights in same) are referred to herein as the "DIRTY Marks."

14. Utz's DIRTY Marks are strong. They are inherently distinctive and represent the exceedingly valuable goodwill of Utz.

15. Utz's DIRTY Marks have become well-known by consumers. Through its use of the DIRTY Marks, Utz has developed an excellent reputation for its DIRTY® potato chips.

16. The market success of Utz's DIRTY® potato chips has been extraordinary, and the marks have substantial goodwill associated with them. Today, Utz's line of DIRTY® potato chips is a multi-million dollar brand.

17. Utz advertises its DIRTY® potato chips in a variety of media including, for example, on its websites at www.utzsnacks.com and on social media, including via its Facebook page at https://www.facebook.com/DirtyPotatoChips/.

18. Utz sells its DIRTY® potato chips on its website at https://www.utzsnacks.com/collections/dirty, and Utz (or its predecessor Zappe) has sold DIRTY® potato chips to consumers in Pennsylvania, including in this judicial district.

19. Utz has actively enforced its DIRTY Marks against infringers and potential infringers through various enforcement actions.

## BACKGROUND AS TO DEFENDANTS' UNLAWFUL CONDUCT

20. Defendants began using the following designations (the "DIRTY Designations") in connection with the advertising, marketing, promotion, offering for sale, sale, and distribution of spice rubs and seasonings years after Utz (or its predecessors) commenced use of the DIRTY Marks and years after the DIRTY Registrations issued: the following logos (the "DIRTY Logos"):

  

and the following word marks: DIRTY SOUTH BBQ CO., KEEP THA SOUTH DIRTY, AIN'T YOU DIRTY SOUTH BBQ CO., MAKE MAMA PROUD, SHAKE IT ON AND MAKE IT DIRTY.

21. Accordingly, Defendants had at least constructive knowledge of Utz's rights in and to the DIRTY Marks and DIRTY Registrations at the time they commenced use of the DIRTY Designations.

22. Likewise, with at least constructive knowledge of Utz's rights in and to the DIRTY Marks and DIRTY Registrations, on January 21, 2016, Defendant Troy Long filed U.S. Trademark

4

Appl. No. 86/882,403 for DIRTY SOUTH BBQ CO AIN'T YOU and Design (shown in paragraph 22 above) for food seasonings. This application subsequently issued as U.S. Trademark Reg. No. 5179140 on April 11, 2017 and claims a first use and first use in commerce date of April 14, 2014.

23. More recently, and with at least constructive knowledge of Utz's rights in and to the DIRTY Marks and DIRTY Registrations, Defendants began to use certain of the DIRTY Designations in connection with the advertising, marketing, offering for sale, sale, and/or distribution of pork rind snack foods.

24. Defendants advertise, market, promote, offer for sale and sell seasonings under the DIRTY Designations via the website www.dirtysouthbbqco.com (the "Website").

25. Defendants advertise, market, and promote their pork rinds and seasonings under certain of the DIRTY Designations via a Facebook page located at https://www.facebook.com/DirtySouthBBQ/ (the "Facebook Page").

26. Defendants' seasonings and/or pork rinds under certain of the DIRTY Designations have been or are currently advertised, marketed, promoted, offered for sale, and/or sold at various locations throughout the United States, including but not limited to, in Tennessee, Alabama, and Utah including, without limitation, the following locations: Walmart Supercenter in Franklin, TN; Goats Music & More Festival in Lewisburg, TN; T J's Liquor & Wine in Winchester, TN; Lincoln County Fair in Fayetteville, TN; Star Super Market located in Huntsville, AL; Lucky's Supermarket located in Huntsville, AL; Mitchell Grocery Corp. located in Albertville, AL; Downtown Creations Deli located in Decherd, TN; Piggly Wiggly Grocery Store in Shelbyville, TN; and Foodland Plus in Albertville, AL.

27. Defendants admit on the Website that they sell seasonings under certain of the DIRTY Designations in over one-hundred (100) grocery stores.

28. On May 21, 2019, Utz, via its counsel, sent Defendants a cease-and-desist letter wherein Utz notified Defendants of Utz's rights in and to the DIRTY Marks and requested that Defendants discontinue all use of certain of the DIRTY Designations and/or any additional

designation that includes the terms DIRTY, DIRT, or is otherwise confusingly similar to Utz's DIRTY Marks.

29. Defendants, through their counsel, responded to the May 21st letter on June 5, 2019 disagreeing with the May 21st letter and not complying with Utz's requests.

30. Since that time, despite subsequent requests by Utz for Defendants to cease use of the DIRTY Designations, and with knowledge of Utz's rights in and to the DIRTY Marks and DIRTY Registrations and of Utz's objection to the DIRTY Designations, Defendants have refused to discontinue their use of DIRTY Designations as requested by Utz.

**COUNT ONE - FEDERAL TRADEMARK INFRINGEMENT PER 15 U.S.C. § 1114**

31. Utz repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

32. Utz's DIRTY Marks are federally registered and, as such, are prima facie evidence of the exclusive right of Utz to use the DIRTY Marks in connection with the goods appearing in the registrations. 15 U.S.C. § 1115.

33. Utz's DIRTY Registrations have acquired incontestable status. Thus, the registrations for these marks provide conclusive evidence of the validity of the registered marks, of Utz's ownership of the marks, and of Utz's exclusive right to use the registered marks in commerce in connection with the goods specified in the affidavits filed under the provisions of § 1065 or the renewal application filed under the provisions of § 1059. 15 U.S.C. § 1115.

34. Utz has been using the DIRTY Marks in commerce long prior to Defendants' use of the DIRTY Designations in commerce.

35. Utz's DIRTY Registrations have earlier filing dates than either the filing date for the application underlying the '140 Registration or the dates on which Defendants' first used the DIRTY Designations and, therefore, Utz's DIRTY Marks have priority over Defendants' DIRTY Designations.

36. Utz's DIRTY Marks are inherently strong, given, among other things, that "DIRTY" is arbitrary when used in connection with potato chips.

37. Utz's DIRTY Marks are also strong given, *inter alia*, Utz's and its predecessors' use of these marks for over two decades and the substantial sales associated with Utz's DIRTY® potato chips.

38. Defendants' DIRTY Designations are confusingly similar in sight, sound, meaning, and commercial impression to Utz's pre-existing DIRTY Marks.

39. The dominant portion of Utz's DIRTY Marks and Defendants' DIRTY Designations is the term "DIRTY." For example, with respect to DIRTY SOUTH BBQ CO., "DIRTY" appears first, and therefore prominently, in the designation and "SOUTH," "BBQ," and "CO." are descriptive or generic and, thus, entitled to little or no source identifying capability.

40. Similarly, Defendants emphasize "DIRTY" in the DIRTY Logos by depicting "DIRTY" in a different font, size, and/or color than the other wording appearing in the remainder of the Dirty Logos.

41. Likewise, Defendants' advertising materials, slogans, hashtags, and the like substantially play on the use of the term "dirty," thereby emphasizing this portion of the DIRTY Designations in the minds of consumers.

42. Defendants' DIRTY Designations all incorporate Utz's registered DIRTY mark in its entirety.

43. Thus, the DIRTY Designations are confusingly similar to Utz's DIRTY Marks.

44. The goods offered under the parties' respective DIRTY Marks and DIRTY Designations are closely related and consumers would associated these goods as originating from the same source.

45. For example, providers of food seasonings and related goods frequently license the right to use their marks to manufacturers of potato chips and other snack foods. For example, Herr's offers OLD BAY® seasoned potato chips, *see* https://www.herrs.com/our-products/herrs/2375-oz-old-bay/, and GRILL MATES® seasoned potato chips, *see* https://www.herrs.com/our-products/herrs/275-oz-grill-mates-montreal-steak/. Similarly, Lay's offers HIDDEN VALLEY RANCH chips and Pringles offers FRANK'S REDHOT chips.

46. Likewise, providers of potato chips frequently also provide pork rinds under the same brands. For example, Utz itself sells pork rinds and potato chips under its UTZ® brand.

47. Accordingly, consumers would associate pork rinds and seasonings, such as those offered under the DIRTY Designations, and potato chips, such as those offered under the DIRTY Marks, as originating from the same source.

48. Defendants' and Utz's trade and advertising channels overlap, at least in part. Each advertises and markets certain of their respective products over the internet and via social media, and both offer their respective products in grocery stores.

49. Snack food products, such as those offered by Utz and Defendants under the DIRTY Marks and DIRTY Designations, respectively, are generally purchased on impulse and/or without undue care. Likewise, food seasonings such as those offered by Defendants under the DIRTY Designations are often purchased on impulse and without undue care.

50. Defendants have adopted and continue to use the DIRTY Designations in bad faith, as Defendants had at least constructive knowledge of Utz's DIRTY Marks at the time they commenced use of the DIRTY Designations. Moreover, Defendants have been aware of Utz's rights in and to the DIRTY Marks and objection to the continued use of the DIRTY Designations, but have continued to use the DIRTY Designations.

51. Defendants' use of the DIRTY Designations in connection with the advertising, marketing, promotion, offering for sale, and sale of snack foods, namely, pork rinds, and seasonings, is likely to cause confusion or mistake or to deceive, as to the source, affiliation or sponsorship with Utz, its DIRTY Marks, and Utz's potato chips offered under the DIRTY Marks in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, specifically §§ 1114 - 1118.

52. Defendants have infringed Utz's DIRTY Marks in interstate commerce by various acts, including using the DIRTY Designation in connection with pork rinds and seasonings. This unauthorized use by Defendants constitutes infringement of Utz's existing DIRTY Marks, as described above, in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, to the substantial and irreparable injury of the public and of Utz's DIRTY Marks, business reputation, and goodwill.

8

53. The activities of Defendants complained of herein constitute willful and intentional infringement of Utz's federally registered DIRTY Marks, in derogation of Utz's rights. Acts of infringement commenced and have continued in spite of Defendants' knowledge that the use of the DIRTY Designations was and is in contravention of Utz's rights.

54. Utz has not given consent directly or indirectly to Defendants to use the DIRTY Designations, or any mark similar thereto, in the manner in which Defendants are using such designations.

55. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Utz in its DIRTY Marks and in its business, reputation, and goodwill and harm to the consuming public. Utz's damages from the aforesaid unlawful actions of Defendants, to the extent ascertainable, have not yet been determined.

56. By the forgoing actions, Defendants have clearly engaged in willful trademark infringement in violation of 15 U.S.C. § 1117.

57. Utz seeks attorney's fees and costs given the willful conduct of Defendants.

58. Utz seeks treble damages given the willful conduct of Defendants.

### COUNT TWO – CANCELLATION OF U.S. TRADEMARK REG. NO. 5179140 PURSUANT TO 15 U.S.C. §§ 1064 and 1119

59. Utz repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

60. Section 37 of the Lanham Act, 15 U.S.C. § 1119, grants the power for a court to order the cancellation of a federally-registered trademark in whole or in part upon "any action involving a registered mark."

61. Utz's DIRTY Marks are federally registered and, as such, are prima facie evidence of the exclusive right of Utz to use the DIRTY Marks in connection with the goods appearing in the registrations. 15 U.S.C. § 1115.

62. Utz's DIRTY Registrations have acquired incontestable status. Thus, the registrations for these marks provide conclusive evidence of the validity of the registered marks, of

9

Utz's ownership of the marks, and of Utz's exclusive right to use the registered marks in commerce in connection with the goods specified in the affidavits filed under the provisions of § 1065 or the renewal application filed under the provisions of § 1059.  15 U.S.C. § 1115.

63.     With at least constructive knowledge of Utz's rights in and to the DIRTY Marks and DIRTY Registrations, on January 21, 2016, Defendant Troy Long filed U.S. Trademark Appl. No. 86/882,403 for DIRTY SOUTH BBQ CO AIN'T YOU and Design for food seasonings.  This application subsequently issued as U.S. Trademark Reg. No. 5179140 on April 11, 2017 and claims a first use and first use in commerce date of April 14, 2014.

64.     Utz has priority in its DIRTY Marks over the '140 Registration and associated mark, for the reasons discussed in more detail above.

65.     For the reasons discussed in more detail above, Defendants' registration for and use of DIRTY SOUTH BBQ CO AIN'T YOU and Design (the mark that is the subject of the '140 Registration) is likely to cause confusion, or to cause mistake, or to deceive consumers into believing Defendants, such mark, or any corresponding goods offered under such mark are affiliated or associated with Utz or its DIRTY® potato chips, thereby causing great harm to Utz's reputation and goodwill and to the consuming public.

66.     Utz has not given consent directly or indirectly to Defendants to use or register the mark that is the subject of the '140 Registration, or any mark similar thereto.

67.     Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Utz in its DIRTY Marks and in its business, reputation, and goodwill and harm to the consuming public.  Utz's damages from the aforesaid unlawful actions of Defendants, to the extent ascertainable, have not yet been determined.

68.     Utz seeks cancellation of Defendants' U.S. Trademark Registration No. 5179140.

## COUNT THREE - FEDERAL UNFAIR COMPETITION PER SECTION 43(a) OF THE LANHAM ACT SECTION 15 U.S.C. § 1125(a)

69. Utz repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

70. Utz's DIRTY Marks are strong. They are inherently distinctive and represent the exceedingly valuable goodwill of Utz.

71. After Utz's adoption and use of the DIRTY Marks in connection with potato chips, Defendants adopted and used the DIRTY Designations in connection with its unauthorized goods, namely, pork rinds and seasonings.

72. For the reasons discussed in more detail above, Defendants' activities are likely to cause confusion, or to cause mistake, or to deceive, causing great harm to Utz's reputation and goodwill and the consuming public.

73. Defendants have unfairly competed with Utz's DIRTY Marks in interstate commerce by various acts, including using the DIRTY Designations in connection with the advertising, marketing, offering for sale, and sale of pork rinds and seasonings. This unauthorized use by Defendants constitutes unfair competition to the substantial and irreparable injury of the public and of Utz's DIRTY Marks, business reputation, and goodwill in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

74. The activities of Defendants complained of herein constitute willful and intentional tort, in derogation of Utz's rights. Acts of unfair competition commenced and have continued in spite of Defendants' knowledge that the use of the DIRTY Designations in connection with pork rinds and seasonings was and is in contravention of Utz's rights.

75. Utz has not given consent directly or indirectly to Defendants to use the DIRTY Designations, or any mark similar thereto, in the manner in which Defendants are using such designations.

76. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Utz in its marks and in its business, reputation, and goodwill.

Utz's damages from the aforesaid unlawful actions of Defendants, to the extent ascertainable, have not yet been determined.

77. Utz seeks attorney's fees and costs given the willful conduct of Defendants.

78. Utz seeks punitive damages given the willful conduct of Defendants.

### COUNT FOUR – INFRINGEMENT OF TRADE NAME

79. Utz repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

80. With at least constructive knowledge of Utz's rights in and to the DIRTY Marks and DIRTY Registrations, Defendant Dirty South BBQ organized under and began operating under and otherwise using the trade name Dirty South BBQ Co. LLC in connection with the advertising, marketing, offering for sale, and sale of seasonings and, later, pork rinds.

81. The trade name Dirty South BBQ Co. LLC is confusingly similar to Utz's DIRTY Marks in sight, sound, meaning, and commercial impression, as "South," "BBQ", "Co." and "LLC" are descriptive or generic and the trade name shares the dominant term "Dirty" with Utz's DIRTY Marks. In fact, the Dirty South BBQ Co. LLC trade name incorporates, in its entirety, Utz's DIRTY® mark.

82. The services and business provided by Defendants under the Dirty South BBQ Co. LLC trade name, namely, the advertising, marketing, promotion, offering for sale, sale, and distribution of seasonings and pork rinds are highly related to the goods, namely, potato chips, offered under the DIRTY Marks.

83. For the reasons discussed herein and above in more detail, Defendants' use of the Dirty South BBQ Co. LLC trade name in connection with the advertising, marketing, promotion, offering for sale, and sale of snack foods, namely, pork rinds, and seasonings, is likely to cause confusion or mistake or to deceive, as to the source, affiliation or sponsorship with Utz, its DIRTY Marks, and Utz's potato chips offered under the DIRTY Marks in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, specifically § 1125.

84. Defendants have infringed Utz's DIRTY Marks in interstate commerce by various acts, including using the Dirty South BBQ Co. LLC trade name in connection with the advertising, marketing, offering for sale, sale, and distribution of pork rinds and seasonings. This unauthorized use by Defendants constitutes infringement of Utz's existing DIRTY Marks, as described above, in violation of the Lanham Act, 15 U.S. C. § 1051 *et seq.*, to the substantial and irreparable injury of the public and of Utz's DIRTY Marks, business reputation, and goodwill.

85. The activities of Defendants complained of herein constitute willful and intentional infringement of Utz's federally registered DIRTY Marks, in derogation of Utz's rights. Acts of infringement commenced and have continued in spite of Defendants' knowledge that the use of the DIRTY Designations was and is in contravention of Utz's rights.

86. Utz has not given consent directly or indirectly to Defendants to use the Dirty South BBQ Co. LLC trade name in the manner in which Defendants are using such designation.

87. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Utz in its DIRTY Marks and in its business, reputation, and goodwill and harm to the consuming public. Utz's damages from the aforesaid unlawful actions of Defendants, to the extent ascertainable, have not yet been determined.

88. By the forgoing actions, Defendants have clearly engaged in willful trademark infringement in violation of 15 U.S.C. § 1117.

89. Utz seeks attorney's fees and costs given the willful conduct of Defendants.

90. Utz seeks treble damages given the willful conduct of Defendants.

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Utz prays for relief against Defendants as follows:

1. That the Court preliminary and permanently enjoin and restrain Defendants, their officers, directors, agents, employees and all persons in active concert or participation with Defendants who receive actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting any of the following:

      (a)    infringing or contributing to the infringement of the DIRTY Marks;

      (b)    engaging in any acts or activities directly or indirectly calculated to infringe Utz's DIRTY Marks;

      (c)    using in selling, offering for sale, promoting, advertising, marketing or distributing of Defendants' products, advertisements or marketing materials that use the DIRTY Designations, or any trademark, service mark, trade name, trade dress, slogan, corporate name, or other source identifier ("Trademark") comprising or including the term DIRTY in whole or in part or any confusingly similar variation including, without limitation, the DIRTY Designations and the Dirty South BBQ Co. LLC trade name;

      (d)    using any Trademark that is confusingly similar to Utz's DIRTY Marks; and

      (e)    otherwise competing unfairly with Utz in any manner whatsoever.

    2.    That the Court find that Defendants are infringing Utz's DIRTY Marks and are competing unfairly with Utz.

    3.    That the Court order the cancellation of Defendants' U.S. Trademark Registration No. 5179140.

    4.    That the Court Order Defendants to deliver up to Utz for destruction, at Defendants' expense, catalogs, web site materials, literature, brochures, quotes, packaging, signs, promotional materials, advertisements and other communications to the public in the possession or under the control of Defendants that use the DIRTY Designations, the term DIRTY, or any other Trademarks similar to any of Utz's DIRTY Marks, and any other material or any representations that are or may contain the term DIRTY or any other terms similar to Utz's DIRTY Marks.

    5.    That the Court Order Defendants to account for and pay to Utz the damages to which Utz is entitled as a consequence of the infringement of Utz's DIRTY Marks.

    6.    That the Court Order Defendants to account for and to pay over to Utz all damages suffered by Utz as a result of Defendants' unfair competition.

7. That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of Defendants so as to prevent fraud on the Court and so as to ensure the capacity of Defendants to pay, and the prompt payment of, any judgment entered against Defendants in this action.

8. That the Court award Utz its compensatory, incidental, and consequential damages.

9. That the Court award Utz enhanced, treble, and/or punitive damages.

10. That the Court award Utz its reasonable attorney's fees and the costs of this action.

11. That the Court grant Utz such other further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Utz demands a trial by jury on all triable issues of fact.

UTZ QUALITY FOODS, LLC

By Its Attorneys,

DATED: February 28, 2020

*/s/ Camille M. Miller*

Camille M. Miller (PA BAR #79670)
Melanie A. Miller (PA BAR #73499)
J. Trevor Cloak (PA BAR # 207981)
COZEN O'CONNOR
One Liberty Place, 1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 665-2000
Facsimile: (215) 701-2273
cmiller@cozen.com
mmiller@cozen.com
jcloak@cozen.com