# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UTZ QUALITY FOODS, LLC, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 2:20-CV-01146-WB |
| v. : | |
| : | |
| DIRTY SOUTH BBQ CO. LLC and : | |
| TIMOTHY TROY LONG a.k.a. TROY LONG, : | |
| : | |
| Defendants. : | <u>JURY TRIAL DEMANDED</u> |

**<u>JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN</u>**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on <u>June 19, 2020</u>, and submit to Chambers the following report of their meeting for the Court's consideration:

1. **<u>Discussion of Claims, Defenses, and Relevant Issues</u>**

    **The Court takes seriously Rule 26(f)(2)'s mandate that the parties confer and discuss these issues, and the parties should refer to the Rule in addition to this template. Counsel should assume that the Court has read the Complaint and is familiar with its claims. The facts supporting those claims and any defenses are unknown to the Court. Therefore, counsel shall set forth *concisely* the factual background that the parties contend support their claims and defenses.**

    **Counsel should summarize what they believe to be the primary issues, threshold issues, and the issues on which they will need to conduct discovery. Identify what information each party needs in discovery, as well as when and why. Also indicate likely motions and their timing.**

    **PLAINTIFF'S RESPONSE:** Utz is a well-known provider of a variety of snack foods including, but not limited to, potato chips and pork rinds, and is the owner of common law and

federally registered trademark rights in the marks DIRTY and "DIRTY" POTATO CHIPS for potato chips (the "**DIRTY Marks**"), which rights date back to 1987.  Utz's DIRTY® brand of potato chips is a multi-million dollar brand, and the DIRTY Marks have become well-known to consumers.  Despite the well-known nature of Utz's DIRTY Marks, and with *at least* constructive knowledge of Utz's rights in and to same, Defendants, unbeknownst to Utz, commenced use of their own series of DIRTY designations in connection with the advertising, marketing, offering for sale, sale, and distribution of spice rubs and seasonings and, later, pork rinds, including the word marks DIRTY SOUTH BBQ CO., KEEP THA SOUTH DIRTY, AIN'T YOU DIRTY SOUTH BBQ CO., MAKE MAMA PROUD, SHAKE IT ON AND MAKE IT DIRTY, the trade name Dirty South BBQ Co. LLC, and the following logos (collectively, the "**Infringing DIRTY Designations**"):

  

.  The use of the Infringing DIRTY Designations in connection with the advertising, marketing, offering for sale, sale, and distribution of food seasonings and pork rinds is likely to cause consumer confusion with Utz's prior, well-known DIRTY Marks and, accordingly, constitutes, *inter alia*, trademark infringement, unfair competition and trade name infringement as set forth in more detail in Utz's Complaint.  After all, the Infringing DIRTY Designations and Utz's DIRTY Marks are similar in sight, sound, meaning, and commercial impression, as they all share the dominant term "DIRTY", which term is emphasized by Defendants in their advertising materials and packaging.  Moreover, consumers of products offered by each of Utz and Defendants under their respective marks are generally acting on impulse when making a purchase and, thus, do not exercise care.  Finally, the

parties' respective goods are competing or related, and are marketed through overlapping channels, including over the internet.

Given the fact-intensive nature of Lanham Act cases, the primary issues in this proceeding (and, correspondingly, the key issues on which the parties will require discovery), surround the factors Courts weigh in determining if there is a likelihood of consumer confusion (the *Lapp* factors) including, without limitation, Defendants' intent in adopting the Infringing DIRTY Designations, the sophistication of consumers, evidence of actual consumer confusion, and the parties' respective demographics of consumers. Consumer surveys and associated expert testimony may also be utilized to support Utz's claims. Likewise, both factual and expert discovery is needed in order to ascertain the amount of damages to which Utz is entitled.

The only threshold issues about which Utz is aware at this time are the issues raised in Defendants' pending Motion to Dismiss (which has been fully briefed), namely, Defendants' unfounded claims that this Court lacks personal jurisdiction over Defendants and/or that venue in this judicial district is improper. As discussed in greater detail in Utz's briefing in response to this Motion, Defendants have waived their rights to object to personal jurisdiction or venue before this Court or, at the very least, personal jurisdiction and venue is proper, as infringing activity forming the basis of Utz's claims has occurred in this judicial district. Depending on how this Court ultimately rules in response to Defendants' Motion, jurisdictional discovery may be appropriate, and may include third party discovery with respect to retailers of products offered under the Infringing DIRTY Designations. No other motions are currently anticipated by Utz.

**DEFENDANTS' RESPONSE**:

Defendants maintain that their outstanding Motion to Dismiss should be granted on the basis of invalid venue and jurisdiction. As more fully set forth in their motion and brief, the full

weight of the Plaintiff's claim to personal jurisdiction and venue rests on a single purchase of Defendants' allegedly infringing product by Plaintiff's counsel of record. This is insufficient basis for venue and jurisdiction.

Without waiving this jurisdictional and venue argument, and in compliance with the Court's requirement to present its position on the merits in this report, the Defendants rely on their position laid out in the motion to set aside default. Specifically, the Defendants do not believe their product or Marks are infringing, as they evoke a phrase distinct from Utz's "DIRTY" mark. The "Dirty South" moniker, which comes from music and media, describes the hard scrabble life of rural, southern workmanship, and does not evoke a similar image as the "raw" or "earthy" mark Utz uses in its advertising. When analyzing the thirteen factors related to customer confusion laid out in Third Circuit precedent, the marks at issue in this case are dramatically different, and no consumer confusion is likely.

2. **Initial and Informal Disclosures**

**Rule 26(a)(1) lays out the requirements for initial disclosures. State counsels' agreement on timing, form and scope of initial disclosures by specifically identifying not only the information listed in Rule 26(a)(1), but also any additional information the parties agree to disclose informally. Self-executing discovery must not be delayed until the Rule 16 Conference.**

**JOINT RESPONSE:**  The Parties have agreed that Initial Disclosure are to be served by each party by no later than **July 3, 2020**.  The scope of Initial Disclosures will be as set forth in Rule 26(a)(1), and the form will parallel the paragraphs set forth in such Rule.

3. **Formal Discovery**

**Indicate the nature, sequence, and timing of formal discovery, as well as any need**

**to conduct discovery in phases to prepare for the filing of motions or for settlement discussions. Specifically delineate what discovery will be conducted formally and the parties' plan for timely completing that discovery. Counsel should have discussed whether there is a *need* to exceed the standard number of interrogatory or depositions provided for in the Federal Rules of Civil Procedure and, if so, they should stipulate to that change. Present proposed discovery deadlines.**

<u>JOINT RESPONSE:</u>  The Parties agree that the scope of discovery shall be as permitted by Rule 26(b).  Further, the Parties agree that there is no need to exceed the standard number of interrogatories and depositions provided under the Federal Rules.  The Parties agree to the following timetable for discovery, which reflects the nature, sequence and timing of discovery:

A. Deadline to complete fact discovery: **October 30, 2020**

B. Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (exchanged simultaneously): **November 30, 2020**

C. Deadline for rebuttal expert reports (exchanged simultaneously): **December 30, 2020**

D. Deadline to file motion for summary judgment:  **January 22, 2021**

E. Deadline to complete expert discovery: **January 29, 2021**

F. Deadline to file *Daubert* motions:  **February 26, 2021**

The Parties also agree that, in light of the COVID-19 pandemic, they will exercise reasonable latitude and professional courtesy with respect to their respective discovery obligations. In particular, the parties understand that depositions of out-of-state witnesses may require flexibility in the event of any stay-at-home orders, travel bans, or other similar restrictions.

**PARTIES' SUPPLEMENTAL RESPONSE**:  In addition to the foregoing, to the extent the Court permits preliminary jurisdictional discovery in response to Defendants' pending Motion to Dismiss and Utz's corresponding briefing, Utz would request that such jurisdictional discovery period be for 45 days. Though objecting that such discovery is unnecessary and futile for the reasons set for in Defendants' Motion to Dismiss and Reply Brief, should such discovery be granted, Defendants do not object to 45 days.

4. **Electronic Discovery**

**It is expected that the parties will reach an agreement on how to conduct electronic discovery. In the event the parties cannot reach such an agreement before the Rule 16 Conference, and the parties anticipate that electronic discovery may be had, the Court will impose its standard order sent to the parties along with the Notice of Preliminary Pretrial Conference.**

**JOINT RESPONSE**:  The Parties agree to this Court's standard electronic discovery order, subject to additional protections to be afforded by a protective order to be stipulated by the Parties.  Notwithstanding the foregoing, the Parties agree to exchange the information requested in Section 2 of the Court's standard electronic discovery order by no later than the date of the Rule 16 conference.

5. **Expert Witness Disclosures**

**Indicate agreement on timing and sequence of disclosure of the identity and anticipated testimony of expert witnesses. State whether expert reports will be exchanged simultaneously or whether the exchange will be staggered. Provide a date for completion of expert discovery and for any potential *Daubert* motions.**

**JOINT RESPONSE**:  The Parties incorporate by reference their response to Section 3

above, which sets forth the timing and sequence of expert discovery.  The Parties agree that expert reports (and rebuttals, if any) will be exchanged simultaneously.

6. **Early Settlement or Resolution**

**Counsel should discuss "the possibilities for promptly settling or resolving the case." Fed. R. Civ. P. 26(f)(2). They should also familiarize themselves with Local Rule 53.3 before responding. Recite the parties' discussions about early resolution through ADR, arbitration, or motion or otherwise.  Explain what steps were taken by counsel to advise the client of alternative dispute resolution options. Explain any decision not to seek early resolution, what mediation options the parties may consider, and when mediation would be appropriate.**

**JOINT RESPONSE**:  To date, the Parties have exchanged settlement proposals, which are being considered by the respective Parties.  The Parties are open to participating in mediation or a settlement conference in an attempt to amicably resolve this matter.  Preferably, such settlement conference or mediation would occur sooner rather than later, but the Parties' willingness to proceed with same is dependent upon the Court's disposition of Defendants' pending Motion to Dismiss.

7. **Trial Date**

Counsel should provide a date at which they expect to be ready for trial. If a date certain is requested, state the reasons. Generally, if requested, a firm trial date will be scheduled.

**JOINT RESPONSE**:  The Parties believe that they should be ready for trial by the end of Spring 2021, provided that they are aware there could be potential delays in light of the COVID-19 pandemic.

8. **Other**

**Indicate any discussion or agreement between the parties at the Rule 26(f)**

**Conference on matters not addressed above.**

**J**OINT **R**ESPONSE**:**  Plaintiff has requested that Defendants enter into a to-be mutually agreed upon protective order applicable to each Party's respective discoverable information, documents, and materials. Defendants have promised to consider such a proposal when drafted and submitted by Plaintiffs.

**Date:  June 23, 2020**

**Respectfully Submitted:**

 **/s/   J. Trevor Cloak**
**Counsel for Plaintiff(s)**


 **/s/    Joel Ready**
**Counsel for Defendant(s)**